PAUL L. REIN, Esq. (SBN 43053)
AARON M. CLEFTON, Esq. (SBN 318680)
REIN & CLEFTON, Attorneys at Law
200 Lakeside Drive, Suite A
Oakland, CA  94612
Telephone:  510/832-5001
Facsimile:   510/832-4787
info@reincleftonlaw.com

Attorneys for Plaintiff
KAILEY KIRKWOOD

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAILEY KIRKWOOD,<br><br>    Plaintiff,<br><br>v.<br><br>SAPPORO STEAK & SUSHI HOUSE, INC.,<br><br>    Defendant. | CASE NO.<br>Civil Rights<br><br>COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES:<br><br>1. Violation of the California Disabled Persons Act (Cal. Civil Code § 54 *et seq.*)<br><br>2. Violation of the California Unruh Act (Cal. Civil Code §§ 51 and 52)<br><br>3. Violations of Americans with Disabilities Act of 1990 (42 U.S.C. § 12101 *et seq.*)<br><br>DEMAND FOR JURY TRIAL |

Plaintiff KAILEY KIRKWOOD complains of Defendant SAPPORO STEAK & SUSHI HOUSE, INC., and alleges as follows:

1. **INTRODUCTION:** On November 27, 2021 Plaintiff and three of her friends planned to go out for dinner at the Sapporo Sushi & Steakhouse, located at 3 Municipal Wharf 2, Monterey, California, to celebrate her friend's birthday. When Plaintiff attempted to enter the restaurant with her service dog, Plume, the manager or owner of the restaurant refused her entrance because in his opinion, her service dog "wasn't the right breed" and Plaintiff "does not have a disability which would require a service dog."  Plaintiff tried to explain the law surrounding service animals to the manager/owner of the restaurant, but he refused to listen.

1  When she finally gave up, he ejected her from the restaurant. He then followed her out and continued to assail her with extremely personal questions about her disabilities. Plaintiff was mortified and scared by the manager/owner's actions, and she experienced a panic attack on her way home. This lawsuit seeks injunctive relief and damages against the owners and operators of the Sapporo Sushi & Steakhouse for denying full and equal access to Plaintiff Kailey Kirkwood, a disabled person who uses a service dog.

2. Plaintiff enjoys going out with for Japanese food with friends at local restaurants in and near Monterey. She intends to return to patronize the Sapporo Sushi & Steakhouse but cannot do so until the policies of the restaurant are made accessible to disabled individuals who use service dogs, including revision of its service dog policies and necessary employee training and/or re-training. She has brought this lawsuit to force Defendant to change its discriminatory and illegal policies and compensate her for refusing to allow her to enter the restaurant because she is a disabled person who needs the assistance of her qualified service dog. Plaintiff seeks an injunction to protect the rights of all disabled persons, including Plaintiff, when accompanied by a qualified service dog at the Sapporo Sushi & Steakhouse.

3. **JURISDICTION:** This Court has jurisdiction of this action pursuant to 28 USC sections 1331 and 1343. This Court has jurisdiction over the claims brought under California law pursuant to 28 U.S.C. § 1367.

4. **VENUE:** Venue is proper in this court pursuant to 28 USC section 1391(b) and is proper because the real property which is the subject of this action is located in this district and that Plaintiff's causes of action arose in this district.

5. **INTRADISTRICT:** This case should be assigned to the San Jose intradistrict because the real property which is the subject of this action is located in this intradistrict and Plaintiff's causes of action arose in this intradistrict.

6. **PARTIES:** Plaintiff Kailey Kirkwood is a "qualified" disabled person. She suffers from post-traumatic stress disorder (PTSD), obsessive compulsive disorder (OCD), post orthostatic tachycardia syndrome (POTS), and an undefined seizure disorder, some of which arose from experiencing previous assault and harassment. Plaintiff relies upon her service dog, a

1  Cavalier King Charles named "Plume," to assist her with certain tasks including pawing at
2  Plaintiff and barking to get her attention when she is exhibiting symptoms of panic, leading
3  Plaintiff out of crowded or stressful situations, and providing deep pressure therapy to ground
4  Plaintiff.  Plume was professionally trained Compass Key to be service dog.  Additionally,
5  Plaintiff continues to reinforce the training with Plume daily.  Plaintiff is a qualified person with a
6  disability as defined under federal and state law.  42 U.S.C. § 12102, 29 U.S.C. § 705(9)(B), and
7  California Government Code § 12926(1).

8      7.    Defendant SAPPORO STEAK & SUSHI HOUSE, INC., is and was at all times
9  relevant to this Complaint the owner, operator, lessor and/or lessee of the subject business,
10 property and building located at 3 Municipal Wharf 2, Monterey, California known as the
11 Sapporo Sushi & Steakhouse.

12     8.    Sapporo Sushi & Steakhouse is a place of "public accommodation" and a
13 "business establishment" subject to the requirements *inter alia* of multiple categories of 42 U.S.C.
14 section 12181(7) of the Americans with Disabilities Act of 1990, of California Civil Code
15 sections 51 *et seq.*, and of California Civil Code sections 54 *et seq*.

16     9.    **FACTUAL STATEMENT:**  Plaintiff Kailey Kirkwood has been working with
17 her service dog Plume for almost two years.  Plume is a Cavalier King Charles who was
18 professionally trained to be a service dog by Compass Key, a service dog training company.
19 Plaintiff has also trained and continues to train Plume to serve her specific needs throughout their
20 relationship.  Plume is specifically trained to assist Plaintiff with controlling her symptoms of
21 panic by getting her attention when at the onset of symptoms, to lead Plaintiff out of crowded or
22 stressful situations, and to provide deep pressure therapy to ground Plaintiff.  This therapy
23 includes Plume putting his weight against Plaintiff in differing ways depending on whether
24 Plaintiff is standing, sitting, or prone.

25     10.    Plume is a working dog; she is not a pet.  Plaintiff and Plume have trained
26 extensively together, and they supplement that training daily.  Plaintiff takes Plume everywhere
27 with her in public.  It is important they stay together at all times because (a) Plume provides
28 important services for Plaintiff; and (b) it is part of the training and bonding requirement that they

be together constantly to maintain their bond.  Where Plaintiff goes, Plume goes.  Below is a photograph of Plume as she looked the evening of the incident when she and Plaintiff were denied access at Sapporo Sushi & Steakhouse:

 

11.	Plaintiff was invited to celebrate a friend's birthday at the Sapporo Sushi & Steakhouse on November 27, 2021.  She decided to attend the event.  Plaintiff and her service dog, Plume, met her friends outside the restaurant at or about 7 pm.  Plaintiff, Plume, and her friends entered the restaurant and approached the host to ask about a table.  The restaurant was crowded, and the host informed the group that they would have to wait for an available table.  Plaintiff and her friends asked the host to put their names on the waiting list for a table, and the group exited the restaurant.

12.	Plaintiff, Plume, and her friends then went to a nearby bar to have a celebratory mocktail prior to their meal.  The group sat outside at the bar.  While they were sitting, the group received a text from Sapporo Sushi & Steakhouse letting them know that their table was ready.  The group left the bar and walked up the nearby stair to the second floor in order to enter the

1  restaurant.

2  13.    Plaintiff and Plume entered the restaurant with her other friends. The man who
3  was acting as the host, and who on information and belief was either the manager or owner of the
4  restaurant, looked at Plaintiff and Plume and stated, "Okay, already there is a problem, your dog
5  can't come in." Plaintiff explained that Plume is a service dog and therefore allowed to
6  accompany her anywhere the general public is invited in a public accommodation such as the
7  restaurant. Plume was wearing a vest which clearly identified her as a service dog.

8  14.    The manager/owner told Plaintiff that he did not believe that Plume could be a
9  service dog because "only certain breeds can be classified as service dogs." He also informed
10 Plaintiff that the restaurant would only accept service dogs which served people with certain
11 types of disabilities.

12 15.    Plaintiff's friend pointed to a sign on the door which stated that service dogs were
13 allowed into the Restaurant, and then the manager/owner began to interrogate Plaintiff about her
14 disabilities. Plaintiff calmly informed the manager/owner that he was not allowed to ask her what
15 her disability is but that he could ask her about the tasks that Plume has been trained to assist her.
16 The manager/owner persisted in the interrogation. Plaintiff starting to become very upset. She
17 left the restaurant.

18 16.    After gathering herself for a moment, Plaintiff reentered the restaurant and handed
19 the manager/owner a card that she carries with her in public places which explains the ADA
20 regulations surrounding service animals and the appropriate inquiry that public accommodations
21 can make regarding the use of service animals. Then, she exited the restaurant again.

22 17.    The manager/owner then stalked after Plaintiff as she was headed down the stairs
23 to leave the area of the restaurant. He kept questioning her for more information about her
24 disability. Plaintiff was starting to panic because she felt that the manager/owner of the restaurant
25 was speaking to her aggressively and invading her personal space. Plume began to paw at
26 Plaintiff to get her attention so that she could lead Plaintiff away from the manager/owner who
27 was clearly causing Plaintiff distress. Plume also put his paws on Plaintiff to put pressure on her.
28 These are exactly the tasks that Plume is trained to perform for Plaintiff, but the manager/owner

used this behavior to further berate Plaintiff for her dog's behavior. He said, "See she's not a service dog, service dogs don't jump on people." At no time did Plume jump on anyone. He merely put pressure on Plaintiff's chest, as he was trained to do. Plume remained consummately calm and composed throughout the conflict, despite the aggressive behavior by the manager / owner.

18. At this point, Plaintiff was crying and having a full-blown panic attack, so she let Plume lead her away from the manager/owner and assist her in finding a safe place to deal with her anxiety and posttraumatic stress disorder. It was very humiliating and degrading for Plaintiff to be scolded by this stranger when she had done nothing but try to assert her legally protected rights and to be crying and having a panic attack in public.

19. Plume guided Plaintiff to a safe place in the parking lot, and Plaintiff had to sit on the ground where she had a panic attack which caused her to hyperventilate, feel dizzy and disassociate. Her friends followed Plaintiff out of the restaurant and stayed with her throughout her 15-minute panic attack. Once she had calmed down, Plaintiff's friend suggested that the group go elsewhere for the birthday celebration, but Plaintiff was unable to continue her night out. She asked one of her friends to drive her home.

20. Plaintiff felt terrible about the incident. She felt as if she had ruined her friend's birthday celebration. Additionally, Plaintiff's ability to leave her house was greatly impacted for the next week. She was afraid to bring Plume to public accommodations fearing that a similar incident would occur, and she was also afraid to leave her house without Plume to assist her. Plaintiff decided it was best to just stay in her home further isolating her from friends.

21. Plaintiff wishes to return to Sapporo Sushi & Steakhouse, but only *after* Defendant's have implemented proper service animal policies and training of its staff. Plaintiff is deterred from returning to the restaurant until these policies and training are in place.

//
//
//
//

**FIRST CAUSE OF ACTION:
DAMAGES AND INJUNCTIVE RELIEF
FOR DENIAL OF FULL AND EQUAL ACCESS TO PUBLIC FACILITIES IN A
PUBLIC ACCOMMODATION
(Civil Code §§ 54 *et seq.*)**

22. Plaintiff re-pleads and incorporates by reference, as if fully set forth hereafter, the factual allegations contained in Paragraphs 1 through 21 of this Complaint and all paragraphs of the third cause of action, as plead infra, incorporates them herein as if separately re-pleaded.

23. Under the California Disabled Persons Act (CDPA), people with disabilities are entitled to the "full and free use of . . . public buildings, . . . public facilities, and other public places." Civil Code § 54(a).

24. Civil Code section 54.1(a)(1) further guarantees the right of "full and equal access" by persons with disabilities to "accommodations, advantages, facilities . . . hotels, lodging places of accommodation, amusement or resort, or other places to which the general public is invited." Civil Code § 54.1(c) also specifies that, "individuals with a disability and persons authorized to train service dogs for individuals with a disability, may take dogs, for the purpose of training them as guide dogs, signal dogs, or service dogs in any of the places specified in subdivisions (a) and (b)."

25. Civil Code section 54.2(a) specifically protects the right of "every individual with a disability" "to be accompanied by a guide dog, signal dog, or service dog, especially trained for the purpose, in any of the places specified in Section 54.1."

26. Civil Code section 54.3(b) makes liable "Any person or persons, firm or corporation who denies or interferes with admittance to or enjoyment of the public facilities as specified in Sections 54 and 54.1 or otherwise interferes with the rights of an individual with a disability under Sections 54, 54.1 and 54.2." This section also specifies that, "'[I]nterfere,' for purposes of this section, includes, but is not limited to, preventing or causing the prevention of a guide dog, signal dog, or service dog from carrying out its functions in assisting a disabled person."

27. Defendant is also in violation of California Penal Code section 365.5(b) which states:

> No blind person, deaf person, or disabled person and his or her specially trained guide dog, signal dog, or service dog shall be denied admittance to accommodations, advantages, facilities, medical facilities, including hospitals, clinics, and physicians' offices, telephone facilities, adoption agencies, private schools, hotels, lodging places, places of public accommodation, amusement or resort, and other places to which the general public is invited within this state because of that guide dog, signal dog, or service dog.

28. Sapporo Sushi & Steakhouse is a public accommodation within the meaning of the CDPA. On information and belief, Defendant is the owners, operators, lessors or lessees of the public accommodation.

29. Defendant made the decision to knowingly and willfully exclude Plaintiff and her service dog from its public accommodation and thereby deny Plaintiff her right of entrance into its place of business with her service dog. As a result of that decision Plaintiff has faced the continuing discrimination of being barred from entering this large public accommodation and place of business based upon Defendant's illegal prohibition of her legally protected use of her service dog. Plaintiff has continued to suffer denial of access to these facilities, and faces the prospect of unpleasant and discriminatory treatment should she attempt to return to these facilities. Plaintiff is unable to return to Sapporo Sushi & Steakhouse until she receives the protection of this Court's injunctive relief, and she has continued to suffer discrimination on a daily basis since November 27, 2021, all to her statutory damages pursuant to California Civil Code §§ 54.1, 54.2, and 54.3 and California Penal Code section 365.5.

30. **INJUNCTIVE RELIEF:** Plaintiff seeks injunctive relief to prohibit the acts and omissions of Defendant as complained of herein which are continuing on a day-to-day basis and which have the effect of wrongfully excluding Plaintiff and other members of the public who are disabled, who require the assistance of service animals, from full and equal access to these public facilities. Such acts and omissions are the cause of humiliation and mental and emotional suffering of Plaintiff in that these actions continue to treat Plaintiff as an inferior and second-class citizen and serve to discriminate against her on the sole basis that she is a person with disabilities who requires the assistance of a service animal.

31. Plaintiff wishes to return to patronize Sapporo Sushi & Steakhouse but is deterred from returning to use these facilities, because the lack of access and the significant policy barriers

will foreseeably cause her further difficulty, discomfort and embarrassment, and Plaintiff is unable, so long as such acts and omissions of Defendant continue, to achieve equal access to and use of these public facilities. Therefore, Plaintiff cannot return to patronize Sapporo Sushi & Steakhouse and its facilities and is deterred from further patronage until these facilities are made properly accessible for disabled persons, including Plaintiff and other disabled individuals who require the assistance of a service animal.

32. The acts of Defendant have proximately caused and will continue to cause irreparable injury to Plaintiff if not enjoined by this Court. Plaintiff seeks injunctive relief as to Defendant's inaccessible policies. As to the Defendant that currently own, operate, and/or lease (from or to) the subject premises, Plaintiff seeks preliminary and permanent injunctive relief to enjoin and eliminate the discriminatory practices that deny full and equal access for disabled persons, and seeks an award of reasonable statutory attorney fees, litigation expenses and costs.

33. Wherefore Plaintiff asks this Court to preliminarily and permanently enjoin any continuing refusal by Defendant to grant full and equal access to Plaintiff in the ways complained of and to require Defendant to comply forthwith with the applicable statutory requirements relating to access for disabled persons. Such injunctive relief is provided by California Civil Code sections 54.1, 54.2 and 55, and other laws. Plaintiff further requests that the Court award damages pursuant to Civil Code section 54.3 and other law and attorney fees, litigation expenses, and costs pursuant to Civil Code sections 54.3 and 55, Code of Civil Procedure section 1021.5 and other law, all as hereinafter prayed for.

34. **DAMAGES:** As a result of the denial of full and equal access to the described facilities and due to the acts and omissions of Defendant in owning, operating, leasing, constructing, altering, and/or maintaining the subject facilities, Plaintiff has suffered a violation of her civil rights, including but not limited to rights under Civil Code sections 54 and 54.1, and has suffered difficulty, discomfort and embarrassment, and physical, mental and emotional personal injuries, all to her damages per Civil Code section 54.3, including general and statutory damages, and treble damages, as hereinafter stated. Defendant's actions and omissions to act constitute discrimination against Plaintiff on the basis that she was and is disabled and unable, because of

the policy barriers created and/or maintained by the Defendant in violation of the subject laws, to use the public facilities on a full and equal basis as other persons.  The violations have deterred Plaintiff from returning to attempt to patronize Sapporo Sushi & Steakhouse and will continue to cause her damages each day these barriers to access and policy barriers continue to be present.

35.   **TREBLE DAMAGES:**  Plaintiff has been damaged by Defendant's wrongful conduct and seeks the relief that is afforded by Civil Code sections 54, 54.1, and 54.3.  At all times herein mentioned, Defendant was fully aware that significant numbers of potential users of its public facilities were and are and will be disabled persons, including those individuals who require the assistance of a service animal, and would have need of facilities that complied with California Title 24 and ADAAG standards for accessible facilities.  Despite this knowledge, Defendant installed and maintained the policy barriers complained of, and failed to remove these barriers, and have failed to provide and maintain properly accessible facilities, including but not limited to those previously noted hereinabove, as required by state and federal law.  On information and belief, Defendant has ignored complaints about the lack of proper disabled access by Plaintiff and by other disabled persons.  Defendant has continued its illegal and discriminatory practices despite actual knowledge that persons with disabilities may attempt to patronize the subject Sapporo Sushi & Steakhouse and encounter illegal service dog policy barriers which deny them full and equal access when they do so.  Defendant's intention behavior exhibited malice toward Plaintiff as a disabled persons with a service dog by repeated questioning and stalking Plaintiff after she intended to leave.  Treble damages as a punitive measure are warranted to make an example that such behavior should not happen by this and other restaurants.

36.   At all times herein mentioned, Defendant knew, or in the exercise of reasonable diligence should have known, that its practices at the subject facilities violated disabled access requirements and standards, and would have a discriminatory effect upon Plaintiff and upon other disabled persons who work with service dogs, but Defendant has failed to rectify the violations, and presently continue a course of conduct of maintaining policy barriers that discriminate against Plaintiff and similarly situated disabled persons.  For the foregoing reasons, Plaintiff alleges that an award of statutory treble damages is appropriate.

37.     Further, although it is not necessary for Plaintiff to prove wrongful intent in order to show a violation of California Civil Code sections 54 and 54.1 or of Title III of the ADA (*see Donald v. Café Royale*, 218 Cal. App. 3d 168 (1990)), Defendant's behavior was intentional. Defendant was aware and/or were made aware of their duties to refrain from establishing discriminatory policies against disabled persons, prior to the filing of this complaint. Defendant's establishment of its discriminatory policy to deny and restrict entry to persons with service dogs, and their implementation of such a discriminatory policy against Plaintiff, indicate actual and implied malice toward Plaintiff and conscious disregard for her rights and safety.

38.     **FEES AND COSTS:** As a result of Defendant's acts, omissions, and conduct, Plaintiff has been required to incur attorney fees, litigation expenses, and costs as provided by statute, in order to enforce Plaintiff's rights and to enforce provisions of the law protecting access for disabled persons and prohibiting discrimination against disabled persons. Plaintiff therefore seeks recovery of all reasonable attorney fees, litigation expenses, and costs, pursuant to the provisions of Civil Code sections 54.3 and 55. Additionally, Plaintiff's lawsuit is intended to require that Defendant make its facilities accessible to all disabled members of the public, justifying "public interest" attorney fees, litigation expenses and costs pursuant to the provisions of California Code of Civil Procedure section 1021.5 and other applicable law.

39.     Plaintiff suffered damages as above described as a result of Defendant's violations. Damages are ongoing based on her deterrence from returning to Sapporo Sushi & Steakhouse.

WHEREFORE, Plaintiff prays for relief as hereinafter stated.

**SECOND CAUSE OF ACTION:**
**VIOLATION OF CALIFORNIA LAW INCLUDING: THE UNRUH ACT, CIVIL CODE SECTIONS 51 AND 52, AND THE AMERICANS WITH DISABILITIES ACT AS INCORPORATED**
**BY CIVIL CODE SECTION 51(f)**

40.     Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 39 of this Complaint and incorporates them herein as if separately re-pleaded.

41.     At all times relevant to this action, the Unruh Civil Rights Act, California Civil Code § 51(b), provided that:

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, or medical condition are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

42. California Civil Code section 52 provides that the discrimination by Defendant against Plaintiff on the basis of her disability constitutes a violation of the general anti-discrimination provisions of sections 51 and 52.

43. Each of Defendant's discriminatory acts or omissions constitutes a separate and distinct violation of California Civil Code section 52, which provides that:

> Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to section 51, 51.5, or 51.6 is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Section 51, 51.5, or 51.6.

44. Any violation of the Americans with Disabilities Act of 1990 constitutes a violation of California Civil Code section 51(f), thus independently justifying an award of damages and injunctive relief pursuant to California law, including Civil Code section 52.  Per Civil Code section 51(f), "A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section."

45. The actions and omissions of Defendant as herein alleged constitute a denial of access to and use of the described public facilities by disabled persons who use service dogs within the meaning of California Civil Code sections 51 and 52.  As a proximate result of Defendant's action and omissions, Defendant has discriminated against Plaintiff in violation of Civil Code sections 51 and 52, and are responsible for statutory, compensatory and treble damages to Plaintiff, according to proof.

46. **FEES AND COSTS:** As a result of Defendant's acts, omissions and conduct, Plaintiff has been required to incur attorney fees, litigation expenses and costs as provided by statute in order to enforce Plaintiff's rights and to enforce provisions of law protecting access for disabled persons and prohibiting discrimination against disabled persons.  Plaintiff therefore seeks recovery of all reasonable attorney fees, litigation expenses and costs pursuant to the

provisions of California Civil Code sections 51 and 52.  Additionally, Plaintiff's lawsuit is intended to require that Defendant make its facilities and policies accessible to all disabled members of the public, justifying "public interest" attorney fees, litigation expenses and costs pursuant to the provisions of California Code of Civil Procedure section 1021.5 and other applicable law.

47.     Plaintiff suffered damages as above-described as a result of Defendant's violations.

WHEREFORE, Plaintiff prays for relief as hereinafter stated.

**THIRD CAUSE OF ACTION:**
**VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990**
**(42 USC §§ 12101 *et seq*.)**

48.     Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the factual allegations contained in Paragraphs 1 through 47, above, and incorporates them herein by reference as if separately repled hereafter.

49.     In 1990 Congress passed the Americans with Disabilities Act after finding that laws were needed to more fully protect "some 43 million Americans with one or more physical or mental disabilities; that historically society has tended to isolate and segregate individuals with disabilities;" that "such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem"; that "the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals"; and that "the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous." 42 U.S.C. § 12101(a).

50.     The ADA provides, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation." 42 USC § 12182.

51.     Plaintiff is a qualified individual with a disability as defined in the Rehabilitation

Act and in the Americans with Disabilities Act of 1990.

52. Sapporo Sushi & Steakhouse is a public accommodation within the meaning of Title III of the ADA. 42 U.S.C. § 12181(7)(B).

53. The ADA prohibits, among other types of discrimination, "failure to make reasonable modifications in policies, practices or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities." 42 U.S.C. § 12182(b)(2)(A)(ii).

54. Under the "2010 Revised ADA Requirements: Service Animals," as published by the United States Department of Justice, and distributed by the DOJ's Civil Rights Division, Disability Rights Section, "Generally, title II and title III entities must permit service animals to accompany people with disabilities in all areas where members of the public are allowed to go." ADA 2010 Revised Requirements, www.ada.gov/service-animals-2010.htm Further,

> **Under the ADA, State and local governments, businesses, and nonprofit organizations that serve the public generally must allow service animals to accompany people with disabilities in all areas of the facility where the public is normally allowed to go.**

*Ibid.*, emphasis in original.

55. Defendant has a policy and practice of denying access to patrons with service animals.

56. On information and belief, as of the date of Plaintiff's most recent visit to Sapporo Sushi & Steakhouse on or about November 27, 2021, Defendant continues to deny full and equal access to Plaintiff and to discriminate against Plaintiff on the basis of her disabilities, thus wrongfully denying to Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of Defendant's premises, in violation of the ADA.

57. In passing the Americans with Disabilities Act of 1990 (hereinafter "ADA"), Congress stated as its purpose:

> It is the purpose of this Act
>
> (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities;

(3) to ensure that the Federal Government plays a central role in enforcing the standards established in this Act on behalf of individuals with disabilities; and

(4) to invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 USC § 12101(b).

58. As part of the ADA, Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (42 USC § 12181 *et seq.*). The subject property and facility is one of the "private entities" which are considered "public accommodations" for purposes of this title, which includes but is not limited to any "restaurant, bar, or other establishment serving food or drink." 42 USC § 12181(7)(B).

59. The ADA states that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation." 42 U.S.C. § 12182. The specific prohibitions against discrimination include, but are not limited to the following:

§ 12182(b)(1)(A)(ii): "Participation in Unequal Benefit. - It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals."

§ 12182(b)(2)(A)(ii): "a failure to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities...;"

§ 12182(b)(2)(A)(iii): "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied service, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services...;"

§ 12182(b)(2)(A)(iv): "a failure to remove architectural barriers, and communication barriers that

are structural in nature, in existing facilities... where such removal is readily achievable;"

§ 12182(b)(2)(A)(v): "where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable."

The acts and omissions of Defendant set forth herein were in violation of Plaintiff's rights under the ADA and the regulations promulgated thereunder, 28 C.F.R. Part 36 *et seq*.

60. The removal of each of the policy barriers complained of by Plaintiff as hereinabove alleged, were at all times herein mentioned "readily achievable" under the standards of sections 12181 and 12182 of the ADA. As noted hereinabove, removal of each and every one of the policy barriers complained of herein were already required under California law. In the event that removal of any barrier is found to be "not readily achievable," Defendant still violated the ADA, per section 12182(b)(2)(A)(v) by failing to provide all goods, services, privileges, advantages and accommodations through alternative methods that were "readily achievable."

61. On information and belief, as of the dates of Plaintiff's encounters at the premises and as of the filing of this Complaint, Defendant's actions, policies, and physical premises have denied and continue to deny full and equal access to Plaintiff and to other disabled persons who work with service dogs, which violates Plaintiff's right to full and equal access and which discriminates against Plaintiff on the basis of her disabilities, thus wrongfully denying to Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations, in violation of 42 U.S.C. sections 12182 and 12183 of the ADA.

62. Defendant's actions continue to deny Plaintiff's rights to full and equal access by deterring Plaintiff from patronizing Sapporo Sushi & Steakhouse and discriminated and continue to discriminate against her on the basis of her disabilities, thus wrongfully denying to Plaintiff the full and equal enjoyment of Defendant's goods, services, facilities, privileges, advantages and accommodations, in violation of section 12182 of the ADA. 42 U.S.C. § 12182.

63. Pursuant to the Americans with Disabilities Act, 42 U.S.C. sections 12188 *et seq.*, Plaintiff is entitled to the remedies and procedures set forth in section 204(a) of the Civil Rights

Act of 1964, 42 USC 2000(a)-3(a), as Plaintiff is being subjected to discrimination on the basis of her disabilities in violation of sections 12182 and 12183 of this title. On information and belief, Defendant has continued to violate the law and deny the rights of Plaintiff and other disabled persons to "full and equal" access to this public accommodation since on or before Plaintiff's encounters. Pursuant to section 12188(a)(2)

> [i]n cases of violations of § 12182(b)(2)(A)(iv) and § 12183(a)... injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title. Where appropriate, injunctive relief shall also include requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods, to the extent required by this title.

64.  Plaintiff seeks relief pursuant to remedies set forth in section 204(a) of the Civil Rights Act of 1964 (42 USC 2000(a)-3(a)), and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990. Plaintiff is a qualified disabled person for purposes of section 12188(a) of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds for believing she will be subjected to such discrimination each time that she may use the property and premises, or attempt to patronize Sapporo Sushi & Steakhouse, in light of Defendant's policy barriers.

WHEREFORE, Plaintiff prays for relief as hereinafter stated.

## **PRAYER**

Plaintiff has no adequate remedy at law to redress the wrongs suffered as set forth in this Complaint. Plaintiff has suffered and will continue to suffer irreparable injury as a result of the unlawful acts, omissions, policies, and practices of the Defendant as alleged herein, unless Plaintiff is granted the relief she requests. Plaintiff and Defendant have an actual controversy and opposing legal positions as to Defendant's violations of the laws of the United States and the State of California. The need for relief is critical because the rights at issue are paramount under the laws of the United States and the State of California.

WHEREFORE, Plaintiff Kailey Kirkwood prays for judgment and the following specific relief against Defendant:

1.  An order enjoining Defendant, its agents, officials, employees, and all persons

acting in concert with them:

    a. From continuing the unlawful acts, conditions, and practices described in this Complaint;

    b. To modify their policies and practices to accommodate service dog users in conformity with federal and state law, and to advise Plaintiff that her service dog will not be excluded should she desire to enter and use the services of Sapporo Sushi & Steakhouse;

    c. That the Court issue preliminary and permanent injunction directing Defendant as current owners, operators, lessors, and/or lessees and/or their agents of the subject property and premises to modify the above described property, premises, policies and related policies and practices to provide full and equal access to all persons, including persons with disabilities; and issue a preliminary and permanent injunction pursuant to ADA section 12188(a) and state law directing Defendant to provide facilities usable by Plaintiff and similarly situated persons with disabilities, and which provide full and equal access, as required by law, and to maintain such accessible facilities once they are provided and to train Defendant's employees and agents in how to recognize disabled persons and accommodate their rights and needs;

    d. An order retaining jurisdiction of this case until Defendant have fully complied with the orders of this Court, and there is a reasonable assurance that Defendant will continue to comply in the future absent continuing jurisdiction;

2. An award to Plaintiff of statutory, actual, general, treble, and punitive damages in amounts within the jurisdiction of the Court, all according to proof;

3. An award of civil penalty as against Defendant under California Penal Code § 365.5(c);

4. An award to Plaintiff pursuant to 42 U.S.C. § 12205, 29 U.S.C. § 794a, California Civil Code §§ 52 and 54.3, California Code of Civil Procedure § 1021.5, and as otherwise permitted by law, of the costs of this suit and reasonable attorneys' fees and litigation expenses;

5. An award of prejudgment interest pursuant to Civil Code § 3291;

6. Interest on monetary awards as permitted by law; and

7. Grant such other and further relief as this Court may deem just and proper.

Date: January 18, 2022                                    REIN & CLEFTON

                                                                       */s/ Aaron M. Clefton*
By AARON M. CLEFTON, Esq.
Attorneys for Plaintiff
KAILEY KIRKWOOD

## JURY DEMAND

Plaintiff hereby demands a trial by jury for all claims for which a jury is permitted.

Date: January 18, 2022                                    REIN & CLEFTON

                                                                       */s/ Aaron M. Clefton*
By AARON M. CLEFTON, Esq.
Attorneys for Plaintiff
KAILEY KIRKWOOD

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES